IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL HOBBS THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>JEANETT F. SMOKOFF, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:10-cv-1075-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court notes that Michael Hobbs Thompson ("Plaintiff") has been permitted to proceed in forma pauperis ("IFP") in this case under 28 U.S.C. § 1915 ("IFP statute").[2] The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

At the outset, the court notes that the allegations and statements contained in Plaintiff's complaint and other filings are disjointed and difficult to decipher. In his complaint, Plaintiff has alleged claims against the State of Utah; all cities, counties, and courts of the State of Utah; and

---

[1] *See* docket no. 12.

[2] *See* docket nos. 1, 2.

all entities and contractors related to the State of Utah, including the Utah Office of Recovery Services; and all respondents listed on an alleged ex parte criminal stalking injunction issued by a state court.[3]

As best the court can decipher, Plaintiff's complaint and attached documents indicate that multiple individuals and entities have conspired to assassinate Plaintiff's character, criminally stalk Plaintiff, and obstruct justice. Plaintiff alleges he has experienced certain "health issues caused by [those] people," including "the internal bleeding etc."[4]

Since filing his complaint, Plaintiff has filed numerous motions, requests, and other documents. On December 6, 2010, Plaintiff filed court-form motions for appointment of counsel and for service of process.[5] On that same day, Plaintiff filed a "Motion & Amendment & Affidavits to separate charges & respondents as to criminal stalking, fraud, attempted murder/murder etc! [sic] and assign new case #s individually!"[6] In that motion, Plaintiff reiterates his allegations of a conspiracy against him and alleges that the U.S. Attorney's Office in Utah has engaged in obstruction of justice. Along with the motion, Plaintiff filed a supporting affidavit, in which he asserts that he has "led the way for all law-enforcement institutions[,] State and Federal[,] to salvage our economy and devulge [sic] all fraud within the Treasury by the

---

[3] *See* docket no. 3.

[4] *Id*. at 21 (emphasis omitted).

[5] *See* docket nos. 6, 7.

[6] Docket no. 8 at 1.

former Treasurers and real-estate companys[,] [sic] U.S.A. and world[-]wide."[7] Plaintiff asserts that the proof for that allegation is demonstrated by "the electronic devices the former Treasurer and accomplisis [sic] put in [his] body!"[8] Plaintiff claims that his "friends in Homeland Security are privy to how [the electronic devices] work . . . and how [he has] used them to counter every terroristic [sic] act against our Great Country and the World!"[9]

Also on December 6, 2010, Plaintiff filed a "Motion & Request for Meeting in chambers [with] U.S. Attorney[']s Office."[10] In that motion, Plaintiff alleges that certain individuals and/or entities are "pushing . . . buttons to activate the electronic shock devices in [his] body!"[11] Plaintiff contends that those "shocks from head to toe [are] meant to kill [him]!"[12]

On December 10, 2010, Plaintiff filed a "Request & Motion for monetary subsistance [sic] from the State of Utah!"[13] Plaintiff asserts that certain acts were taken against him "to keep [him] from having these derogitory-terrorist [sic] devices put in and on [his] body by Dr. Rodger Brockbank Jr. aka Dan Chamberlain and Warren Buffet [sic] aka Dr. William Bill Allred."[14]

---

[7] Docket no. 9 at 3.

[8] *Id*. at 3-4.

[9] *Id*. at 4.

[10] Docket no. 11 at 1.

[11] *Id*. at 3.

[12] *Id*.

[13] Docket no. 13 at 1.

[14] *Id*. at 2.

3

Plaintiff claims he feels "very blessed to even be alive" because of "pain [he] can't even scale anymore."[15]  Plaintiff also alleges:

> The noise from all hearing devices & ampliphiers [sic] is sickening!  The threats of the physcological [sic] warfare for the past 7 years is sick @ best!  I've been listening to these sick bastards since I was a child!  Then in 1980[,] they installed the most unbelievable nano-techs & hardware defibulator etc. [sic] to kill without my knowledge and[/]or consent.
>
> . . . .
>
> [L]ike I said[,] blessed to be alive but need medical att[ention] A.S.A.P.  Device Removal!  Know good doc [sic]?  Shitting blood isn't my best quality!  Not to mention my glow[-]in[-]the[-]dark teeth!  That's all the humor I can muster.  They have remotes to these devices and sit close and lay it on 24/7 . . . !  Respectfully request meeting in chambers A.S.A.P. [with] U.S. Attorney[']s Office.[16]

Also on December 10, 2010, Plaintiff filed a "Request & Motion to add ammended [sic] charges of evidence tampering-racketeering and organized crime as per RICO."[17]  In that motion, Plaintiff again makes reference to "electronic devices installed in [him] and [his] father" and requests that all "be examined for them, ears, eyes, stomach, etc."[18]  Plaintiff also included a

---

[15] *Id*. at 3.

[16] *Id*. at 4 (emphasis omitted).

[17] Docket no. 14 at 1.

[18] *Id*.

crude sketch that he alleges will help the Federal Bureau of Investigation ("FBI") locate a dead body.[19]

On January 6, 2011, Plaintiff filed a second "Motion and Request for financial and medical assistance from State of Utah."[20] Plaintiff asserts that his motion and request are "for medical attention for removal or shut-down of all electrical/electronic equipment Dr. Rodger Brockbank & Dr. Bill Allred have installed over the past 30 years in [his] body!"[21] Plaintiff alleges that those individuals have conducted "physcological [sic] warfare" and "manipulation" by installing "nano-tech hearing devices," "physical/defibulators [sic] over [his] heart & other vitals to stop [his] heart-kidneys-lungs," and "constrictors on [his] esawphegus [sic] to prevent & obstruct swallowing causing choking and aspiration of food!"[22] Plaintiff also asserts that they have installed "electrodes from head to toe, back & front[,] meant to disable [him] physically/muscular[ly,] all of which show with-out [sic] CT[s] & Xrays."[23] In order to demonstrate that, Plaintiff claims he "will show up in court in [a] tank top & shorts."[24] In addition, Plaintiff contends that "CTs & Xrays show all transponders installed in [his] arm & body to track [his] every move! Not only to track but to deafen with frequencys [sic] loud

---

[19] *See id.* at 2-3.

[20] Docket no. 16 at 1.

[21] *Id.* at 2-3.

[22] *Id.* at 3-4.

[23] *Id.*

[24] *Id.* at 4.

5

enough to hurt [his] daughter['s] ears and make them bleed! Just by being in home by [him]!"[25] Plaintiff further asserts that he has had "4 full[-]blown attacks since [his] filing in [this] court at taking [his] life"[26] Finally, Plaintiff asserts: "[N]ot to be disrespectful to [this court, but] any further delay and [he] will have no choice but to charge [this court] and the entire [f]ederal [d]istrict [c]ourt for and with attempted murder as accessories after[-]the[-]fact by means of suppression!"[27]

Also on January 6, 2011, Plaintiff filed an affidavit. In the signature block of that affidavit, Plaintiff indicates that he is the "United States Treasurer."[28] Later in the document, Plaintiff goes on to assert that

> [a]s U.S. Treasurer[,] it is part of [his] duty to separate, release[,] or investigate & prosecute any of the[] derogitory [sic] values in our system! From the President down to insure of our Homeland Security of no internal threats! Those of the most obvious threat are Rodgers Brockbank Jr. & Sr.[, their wives], Everett Herbert aka . . . Dr. William (Bill) Allred aka . . . Warren Buffet [sic] and a conglomerate of real-estate associates![29]

On January 19, 2011, Plaintiff filed a "Motion for Immediate Service of Cease & Desist Orders."[30] In that motion, Plaintiff seeks to inform the court about illegal lending by certain

---

[25] *Id*.

[26] *Id*. at 5.

[27] *Id*. at 6-7.

[28] Docket no. 17 at 9.

[29] *Id*. at 24-25.

[30] Docket no. 18 at 1.

financial institutions.  Plaintiff asserts that "[t]he current derogitory [sic] values of loan sharking cannot continue!"[31]  Plaintiff has again signed this motion with the title of "U.S. Treasurer."[32]

Also on January 19, 2011, Plaintiff filed a "Motion for Investigation of illegal wire-tap & call forwarding & screening of cell phone calls" for two particular phone numbers.[33]  Plaintiff requests that the court authorize an investigation into who is "tapping, call forwarding, and screening [his] personal phone calls."[34]  Plaintiff also asks the court to refer the matter to the "FBI and Homeland Security Forces."[35]

Finally, and also on January 19, 2011, Plaintiff filed a "Motion for Issuance of Warrants for Criminal Stalking."[36]  In the opening of that motion, Plaintiff asserts that if his previous filings "don't prove the use of Murray Police Dept. [and a] certain employee as strong[-]arms and devices for intimidation[, he'll] kiss [this court's] ass!"[37]  Plaintiff goes on to assert that the Murray City Police Department is somehow involved in the alleged conspiracy against him.  Plaintiff again asserts that certain individuals and/or entities are causing "screaming in [his] ears 24/7" and "trying to shock [his] eyes, blow-out [his] ear drums[,] shock [his] every body part,

---

[31] *Id*. at 2.

[32] *Id*. at 3.

[33] Docket no. 20 at 1.

[34] *Id*.

[35] *Id*.

[36] Docket no. 21 at 1.

[37] *Id*.

their favorite [being his] ass & privates!"[38] Plaintiff also claims that while he was writing the motion, "the piercing sounds [were] being transmitted in frequencys [sic] most can't hear" and that "the acts of rage are unreal[,] as was his ride [to the court] on the bus today!"[39] Plaintiff also claims that he could "hear [the individuals and/or entities] reading what [he was] writing" and that they were trying "to have [him] make mistakes / doesn't happen but maybe penmanship & grammar [sic]! No Funny [sic]!"[40]

## ANALYSIS

In conducting the analysis below, the court has considered Plaintiff's complaint, as well as his other written submissions referenced above. In addition, the court reiterates that it has liberally construed those submissions. *See, e.g.*, *Ledbetter*, 318 F.3d at 1187.

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has construed the term "frivolous" within the context of the IFP statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The in forma pauperis statute]'s term

---

[38] *Id*. at 6.

[39] *Id*. at 6-7.

[40] *Id*. at 7.

8

> "frivolous," when applied to a complaint, embraces not only the
> inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The IFP statute

> accords judges not only the authority to dismiss a claim based on
> an indisputably meritless legal theory, but also the unusual power
> to pierce the veil of the complaint's factual allegations and dismiss
> those claims whose factual contentions are clearly baseless.
> Examples of the former class are claims against which it is clear
> that the defendants are immune from suit . . . and claims of
> infringement of a legal interest [that] clearly does not exist . . . .
> Examples of the latter class are claims describing fantastic or
> delusional scenarios . . . .

*Id.* at 327-28; *see also Hall v. Bellmon*, 935 F.2d 1106, 1108-10 (10th Cir. 1991).

After carefully reviewing Plaintiff's complaint and other filings, the court has determined that all of Plaintiff's claims in this case fall squarely within the second of those two categories because the underlying factual allegations "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328. Plaintiff's court filings are replete with incredible and fantastic factual allegations, and it appears that many, if not all, of those allegations have little or no basis in fact.

Plaintiff's court filings demonstrate that he may be suffering from psychological or psychiatric problems, and the court is sympathetic to Plaintiff's unfortunate circumstances. Those circumstances, however, have no effect on the court's duty under the IFP statute to dismiss Plaintiff's complaint once the court has determined that it is frivolous. Accordingly, for the foregoing reasons, the court concludes that Plaintiff's complaint is frivolous under the IFP statute

and, therefore, should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 325-28; *Bellmon*, 935 F.2d at 1108-10.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as frivolous under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of March, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge